UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT PLASTER,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-641-GSL-APR

J. HOLT, OLIVER, and HAHN,

    Defendants.

## OPINION AND ORDER

Scott Plaster, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaster alleges that on July 9, 2024, there was an electrical fire at the LaPorte County Jail, where he is detained awaiting trial. He complains that he and the other inmates on N-3 Medical Block were exposed to the smoke and fumes from the fire for more than three hours. Plaster pushed the emergency call button several times and filled out several medical requests, pre-grievances, and grievances, but the nurse did not come to check on them for three hours.

Officers told the inmates to cover their faces with masks, but they were not provided with any. Instead, Plaster and the others used towels or clothing to cover their faces. Plaster alleges that in those three hours, he had a severe headache, he had an upset stomach, and he threw up several times. He was told the problem was taken care of, but smoke and fumes remained in the cellblock for several hours. Plaster believes he has permanent damage to his lungs and chest from having to remain on the smoke-filled block. He sues J. Holt, Lieutenant Hahn, and Lieutenant Oliver for money damages, alleging without explanation that the defendants failed to intervene in the situation.

As a pretrial detainee, Plaster is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers

2

under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Plaster has plausibly alleged that the smoke and fumes from the fire presented a substantial risk of serious harm to him. But he does not provide a basis to conclude that any of the named defendants acted unreasonably towards that risk. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Plaster does not mention any of the defendants by name in the body of the complaint, nor does he describe their role at the jail. It is unclear whether any of them were aware of the fire when it happened, and a defendant cannot be held liable just because they supervise others at the jail. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (noting there is no supervisory liability under

42 U.S.C. § 1983). Plaster cannot proceed against these defendants without some plausible basis to link them to the alleged constitutional violation.

This complaint does not state a claim for which relief can be granted. If Plaster believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Scott Plaster until **December 4, 2024**, to file an amended complaint; and

(2) CAUTIONS Scott Plaster if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 30, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT