UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT PLASTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-641-JD-SLC |
| J. HOLT, | |
| Defendant. | |

OPINION AND ORDER

Scott Plaster, a prisoner without a lawyer, filed a complaint about being exposed to smoke and fumes for several hours when a fire occurred at the LaPorte County Jail. ECF 1. The court determined that he had plausibly alleged that the smoke and fumes from the fire presented a substantial risk of serious harm in violation of the Fourteenth Amendment, but the case could not proceed because he had not explained how any of the named defendants acted unreasonably towards that risk. ECF 5. He was given the opportunity to file an amended complaint to remedy this deficiency, and he has done so. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As a pretrial detainee, Plaster is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note,

2

"negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

In the amended complaint, as in in the original complaint, Plaster describes the condition of the Medical Block of N-3, where he was housed, when an electrical fire occurred at the LaPorte County Jail on July 9, 2024. He alleges the dayroom and the cells were filled with white smoke from a continuous cloud of smoke coming from the vents. Plaster and the other inmates on the block were not evacuated. Jail staff took remedial action by opening the chow slot in the dayroom door, and Assistant Jail Commander Lt. J. Holt told them to cover their faces with something. Plaster alleges he pulled up his t-shirt to help cover his face, but he was still sick and felt dizzy. He alleges that inhaling the smoke caused him to become physically ill; he vomited several times, had a severe headache, and was lightheaded for several hours.

In the amended complaint, Plaster alleges that Lieutenant J. Holt, the Assistant Jail Commander was aware of the extent of the smoke and made the decision not to evacuate the cellblock. However, evacuating the cellblock may not be the only reasonable response to the electrical fire. Even though the inmates weren't evacuated, jail staff took steps to ventilate the cellblock and Lieutenant Holt told the inmates to use items in their cells as makeshift masks. It is possible that discovery will show that this was a reasonable response to the risk posed by the smoke or that the smoke did not pose a significant risk. But giving Plaster the inferences to which he is entitled at this stage of the proceedings, he may proceed against Assistant Jail Commander Holt for

3

responding unreasonably to the risk posed by the smoke from the electrical fire in violation of the Fourteenth Amendment.

There are no allegations, however, connecting Jail Commander Lieutenant Andrew Hahn or Lieutenant Steve Oliver to the decisions regarding the fire. Unlike Lieutenant Holt, who was alleged to have been present during the fire and making decisions, Plaster identifies Jail Commander Hahn and Lieutenant Oliver as being in administration and says they are one of those "responsible for the safekeeping, care, and custody of all inmates in the LaPorte County Jail." ECF 12 at 5. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation, *see Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018), and a defendant cannot be held liable just because they supervise others at the jail, *see Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Jail Commander Hahn and Lieutenant Oliver's positions in the jail administration do not make them liable for the decisions of those who work under him. They will be dismissed.

Plaster also seeks to hold Quality Correctional Care, the private company that provides medical care at the jail, liable for the constitutionally inadequate medical care he alleges he received at the jail. He says that after the fire started, he pushed the emergency-call button but a nurse didn't come for three hours. Although the Fourteenth Amendment requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to Plaster's health or safety, *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024), Quality Correctional Care cannot be held liable based only on the unconstitutional acts of its employees, *see, e.g., Howell v. Wexford Health*

4

*Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Instead, it can be held liable only if the company itself had an unconstitutional policy or custom that was the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Plaster does not identify a policy or custom attributable to Quality Correctional Care that contributed to his injuries, and he does not name as a defendant any individual medical staff who was involved in decisions about his medical care.

Finally, Plaster names as a defendant the City of LaPorte. The City of Laporte can be liable under § 1983 only for its own unconstitutional policies or customs that cause a constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The city does not have control over the county jail. By statute, the LaPorte County Sheriff is tasked with running the jail. *See* Ind. Code § 36-2-13-5(a)(7) ("The sheriff shall . . . take care of the county jail and the prisoners there[.]"). Plaster provides no reason to hold the city responsible for events that occurred at a county jail.

For these reasons, the court:

(1) GRANTS Scott Plaster leave to proceed against Assistant Jail Commander J. Holt for responding unreasonably to the risk posed by the smoke from the electrical fire that occurred on or around July 9, 2024, at the LaPorte County Jail in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

5

(3) DISMISSES Steve Oliver, Andrew Hahn, LaPorte City, and Quality Correctional Care;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Assistant Jail Commander J. Holt at the LaPorte County Jail, with a copy of this order and the complaint (ECF 6);

(5) ORDERS the LaPorte County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Assistant Jail Commander J. Holt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 1, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT